AUSTIN V. SCHWING, SBN 211696
  aschwing@gibsondunn.com
RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
JOSEPH R. ROSE, SBN 279092
  jrose@gibsondunn.com
JULIAN W. KLEINBRODT, SBN 302085
  jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

Attorneys for Nike, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Cali Bunn, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Nike, Inc., an Oregon corporation,<br><br>Defendant. | CASE NO. 3:20-cv-7403<br><br>**DEFENDANT NIKE, INC.'S NOTICE OF REMOVAL**<br><br>[Removal from the Superior Court of California, County of San Francisco, Case No. CGC-20-585683] |

Gibson, Dunn & Crutcher LLP

**TO THE COURT, THE CLERK OF THE COURT, PLAINTIFF, AND ALL COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Nike, Inc., by and through its undersigned counsel and pursuant to 28 U.S.C. § 1441, *et seq.*, and in accordance with 28 U.S.C. §§ 1331, 1332, and 1367, respectfully removes the above-captioned matter from the Superior Court of California, County of San Francisco to this Court.  Removal is proper for the reasons set forth below.

## I. BACKGROUND

1.      Plaintiff Cali Bunn commenced this action on July 30, 2020, in the Superior Court of the State of California for San Francisco County.  Decl. of Austin Schwing, Ex. A.  Plaintiff served the Complaint on Nike on September 22, 2020.  *Id.* ¶ 3 & Ex. A.

2.      Plaintiff, a California resident, alleges that "[s]he has severe-to-profound hearing loss." Compl. ¶ 6.  According to her Complaint, Nike "implemented a company-wide policy" in response to the COVID-19 pandemic "requiring its employees . . . [in] stores in California and throughout the United States . . . to wear masks when assisting customers."  *Id.* ¶ 10.  She alleges these masks are "opaque" and "therefore interfere with the ability of Nike's deaf and hard of hearing customers, including plaintiff . . ., to hear and/or communicate with those Nike employees," particularly through lip-reading.  *Id.*

3.      Plaintiff "seeks to maintain this action . . . as a class action."  Compl. ¶ 10 (2d).[1]  She defines her putative class as "all individuals in California who are deaf or hard of hearing"— "approximately three million" individuals.  *Id.* ¶¶ 10-11 (2d).  She also "seeks certification of a statutory damages Subclass, consisting of all Class members who, since the onset of the COVID-19 pandemic and Nike's implementation of its mandatory mask-wearing policy, shopped or desired to shop at a Nike retail store in California whose customer-interacting employees wore opaque fabric face masks."  *Id.* ¶ 10.  According to Plaintiff, this subclass "is believed to consist of well over 1,000 members."  *Id.* ¶ 11.

---

[1]  The Complaint misnumbers certain paragraphs.  As a result, paragraphs numbered 10-14 appear twice in the Complaint.  To avoid ambiguity, Nike includes a "(2d)" designation to refer to the second instance in which a paragraph number appears in the Complaint.

Gibson, Dunn & Crutcher LLP

4.      Plaintiff asserts three causes of action on behalf of herself and the putative class: (1) A claim under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*; (2) a claim under the Unruh Civil Rights Act, Cal. Civil Code § 51, *et seq.*; and (3) a claim under the California Disabled Persons Act, Cal. Civil Code § 54, *et seq.*  Compl. ¶¶ 18-40.  Plaintiff's state law claims are derivative of her ADA claim.  *See id.* ¶¶ 29, 32, 37, 39.

5.      Plaintiff seeks "injunctive relief and statutory damages" on behalf of herself and the putative class.  Compl. ¶ 2.  Specifically, Plaintiff seeks an injunction "requiring Nike to take all steps necessary to ensure that the services offered in Nike's retail stores are fully and equally enjoyable to persons who are deaf and hard of hearing, including but not limited to providing clear masks to salespersons and other employees in Nike's California retail stores, or other accommodations such as ASL interpreters or closed captioning devices."  *Id.* at Prayer for Relief.  And Plaintiff also "prays for statutory damages for the Subclass" as well as "[r]easonable attorneys' fees and costs."  *Id.* ¶ 40 & Prayer for Relief.

## II.  GROUNDS FOR REMOVAL

6.      Removal of this action is proper on three independent grounds.  First, the Court may exercise subject matter jurisdiction over Plaintiff's federal cause of action under 28 U.S.C. § 1331 and over Plaintiff's pendent state-law causes of action under 28 U.S.C. § 1367.  Second, the Court may exercise subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity between the parties and over $75,000 is in controversy, exclusive of interest and costs.  Third, the Court may exercise subject matter jurisdiction over this action under 28 U.S.C. § 1332(d) because the putative class contains at least 100 members, there is minimal diversity, and the amount in controversy exceeds $5 million, exclusive of interest and costs.

### A.      The Court Has Federal Question Jurisdiction

7.      Federal district courts may exercise subject jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  And "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

8.     A case "arises under [federal] law" when federal law "creates the cause of action."  *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916); *accord Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  Here, Plaintiff asserts an independent cause of action under the Americans with Disabilities Act—a federal statute.  Compl. ¶¶ 18-26; *see also* Compl. ¶ 8 (acknowledging that Plaintiff pleaded a "federal ADA claim").  This unquestionably gives rise to federal question jurisdiction.  *See*, *e.g.*, *Ngoc Lam Che v. San Jose/Evergreen Cmty. Coll. Dist. Found.*, No. 17-CV-00381-BLF, 2017 WL 2954647, at *2 (N.D. Cal. July 11, 2017) (exercising federal question jurisdiction over case alleging ADA claim); *Miles v. HDE Sys., Inc.*, No. C-94-20676-JW, 1994 WL 679980, at *1 (N.D. Cal. Dec. 1, 1994) (same).

9.     The Court also may exercise supplemental jurisdiction over Plaintiff's second and third causes of action because they are "related to" her ADA claim.  28 U.S.C. § 1367.  State law claims are sufficiently related to a federal claim when they "derive from a common nucleus of operative fact."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see also* 13D Richard D. Freer, *Fed. Prac. & Proc. Juris.* § 3567.1 (3d ed.) (describing how "Congress intended to codify," and "courts generally have concluded that § 1367(a) codifies," "the result in *United Mine Workers of America v. Gibbs*").  Here, each of Plaintiff's claims challenge the same alleged practice—Nike's alleged requirement that retail store employees wear opaque masks.  *See* Compl. ¶¶ 1-4.  Plaintiff further asserts that both federal and state law impose the same duty on Nike, *id.* ¶ 3, and that Nike "could comply with its obligations under federal and state law" by taking the same measures, *id.* ¶ 4.  Indeed, Plaintiff's state law claims are entirely derivative: She claims Nike's alleged violation of the federal ADA gives rise to liability under the California Unruh and Disabled Persons Acts.  *See id.* ¶¶ 29, 32, 37, 39.

10.     Thus, the Court may exercise jurisdiction over all of Plaintiff's claims under 28 U.S.C. §§ 1331 & 1367, and removal is appropriate.  *See* 28 U.S.C. § 1441(a).

**B.     The Court Has Traditional Diversity Jurisdiction**

11.     Federal district courts also may exercise jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between . . . citizens of different States." 28 U.S.C. § 1332.  In putative class actions, "there [must be] complete diversity of citizenship between the class representatives and the defendants, that is, no class representative is a citizen of the same state as any defendant."  *Stell v. Gibco Motor Express, LLC*, No. 3:15-CV-1105-DRH-DGW, 2016 WL 2620178, at *3 (S.D. Ill. May 9, 2016).

12.  An individual such as Ms. Bunn "is a citizen of the state in which [s]he is domiciled." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Because Plaintiff alleges that she "resides in the State of California," Compl. ¶ 6, she is a citizen of California.  *See Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940) (holding that a person is domiciled where he or she has established a "fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely").

13.  A corporation such as Nike is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  As Plaintiff acknowledges, Nike "is an Oregon corporation with its principal place of business in Beaverton, Oregon."  Compl. ¶ 7; *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (a corporation's principal place of business is "normally . . . where the corporation maintains its headquarters").

14.  There is therefore complete diversity between the parties as Plaintiff is a citizen of California and Defendant is a citizen of Oregon.

15.  In addition, "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.  Where, as here, "the plaintiff seeks injunctive relief, the cost of complying with the injunction is included in the amount in controversy." *Martinez v. Johnson & Johnson Consumer Inc.*, No. 2:20-CV-04316-RGK-PD, 2020 WL 3820392, at *2 (C.D. Cal. July 8, 2020); *accord Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).  In addition to her own alleged statutory damages—a minimum of $4,000—Plaintiff seeks, among other things, an injunction compelling Nike "to provid[e] clear masks to salespersons and other employees in Nike's California retail stores."  Compl. at Prayer for Relief.  This includes hundreds if not thousands of employees at approximately 37 retail stores across California.  *Id.* ¶ 7.  Such an injunction would

Gibson, Dunn & Crutcher LLP

1   require Nike to provide each store with scores of transparent masks at regular intervals.  Additionally,

2   Plaintiff's attorneys are seeking attorneys' fees.  Taken together, all this amounts to well over $75,000.[2]

3      16. The requirements for traditional diversity jurisdiction are therefore met.  And because

4   Nike is neither incorporated in California nor maintains its principal place of business in California,

5   Compl. ¶ 7, it may remove this case based on the parties' complete diversity of citizenship.  *See* 28

6   U.S.C. § 1441(b)(2).

7   **C. The Court Has Jurisdiction under the Class Action Fairness Act**

8      17. The Class Action Fairness Act ("CAFA") permits removal where: (1) The case is a

9   "civil action . . . and is a class action"; (2) the aggregate number of putative class members is 100 or

10   greater; (3) there is diversity of citizenship between one or more plaintiffs and one or more defendants;

11   and (4) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million,

12   exclusive of interest and costs.  28 U.S.C. § 1332(d).  Each prerequisite is met here.

13      18. First, this case is a putative "class action" under CAFA because it was brought under a

14   state statute or rule, namely California Code of Civil Procedure § 382, authorizing an action to be

15   brought by one or more representative persons as a class action.  28 U.S.C. § 1332(d); *see also* Compl.

16   ¶¶ 2 ("This is a class action . . . .") & 10 (2d) ("Plaintiff seeks to maintain this action for injunctive

17   relief and statutory damages as a class action under Code of Civil Procedure § 382.").

18      19. Second, the "number of members of all proposed plaintiff classes in the aggregate" is

19   far more "than 100."  28 U.S.C. § 1332(d).  Plaintiff estimates that her Class encompasses

20   "approximately three million" individuals.  Compl. ¶ 11 (2d).  Even her subclass contains "well over

21   1,000 members"—far exceeding the statutory threshold.  *Id.* ¶ 11.

22      20. Third, sufficient diversity exists.  To satisfy CAFA's diversity requirement, the parties

23   need only be minimally diverse—that is, one putative class member must be a citizen of a state different

24   from that of one defendant.  28 U.S.C. § 1332(d)(2); *see also United Steel, Paper & Forestry, Rubber,*

---

[2]  Nike denies that it is liable in any amount to Plaintiff.  The Court must take as true Plaintiff's allegations, and assume that Plaintiff would prevail on each and every claim, only for purposes of evaluating the amount in controversy.  *See Lewis v. Verizon Commc'ns., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability.").

Gibson, Dunn &
Crutcher LLP

*Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010). The only named plaintiff, Ms. Bunn, is a citizen of California. *See* Compl. ¶ 6. The putative class also consists solely of "individuals in California." *Id.* ¶ 10 (2d). Nike is a citizen of Oregon. *Id.* ¶ 7. Therefore, sufficient diversity exists under CAFA.[3]

21.     Fourth, taking Plaintiff's allegations as true, at least $5,000,000 is in controversy. Plaintiff alleges that the subclass, which seeks statutory damages, includes "well over 1,000 members." Compl. ¶ 11 (2d). She also claims that California law authorizes at least $4,000 in statutory damages "for every violation." *Id.* ¶ 33; *see also* Cal. Civil Code § 52(a). Thus, Plaintiff is taking the position that some subclass members are entitled to multiples of $4,000. Further, where attorneys' fees are authorized by the underlying statutes, a court also may "include[] attorneys' fees" in assessing the amount in controversy. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *see also Giannini v. Northwestern Mut. Life Ins. Co.*, No. C 12-77 CW, 2012 WL 1535196, at *4 (N.D. Cal. Apr. 30, 2012) (finding reasonable estimate of future attorneys' fees can be used in calculating the amount in controversy).

22.     Plaintiff's allegations alone thus place more than $5,000,000 in controversy. *See Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (in assessing CAFA's amount-in-controversy requirement, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint"). For example, if Plaintiff's putative class included 1,001 members, each of whom suffered only one violation, at least $4,004,000 would be in controversy. Using "25% as a benchmark" for attorney's fees, *In re Hyundai & Kia Fuel Economy Litig.*, 926 F.3d 539, 570 (9th Cir. 2019), would add $1,001,000 to that amount. *See* Compl. ¶¶ 33, 36, 40 & Prayer for Relief (alleging entitlement to statutory attorneys' fees award). This total exceeds the statutory threshold, and, when combined with the cost of potential injunctive relief, establishes "a plausible allegation that the amount in controversy

---

[3] Because Nike is not a California citizen, the home-state exception to CAFA removal does not apply. *See* 28 U.S.C. § 1332(d)(4).

1   exceeds the jurisdictional threshold." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir.

2   2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)).[4]

3        23.    Accordingly, the requirements for removal under CAFA are met, and this case is

4   properly removable under 28 U.S.C. § 1441(a).

5   ### III.  TIMELINESS OF REMOVAL

6        24.    Plaintiff served a copy of the Summons and Complaint on Nike on September 22, 2020.

7   Schwing Decl. ¶ 3 & Ex. A.  Because this Notice of Removal is filed within thirty days of service of

8   the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446 & 1453.  *See Murphy Bros., Inc. v.*

9   *Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that a "defendant's time to remove

10  is triggered by simultaneous service of the summons and complaint . . ., not by mere receipt of the

11  complaint unattended by any formal service").

12  ### IV.  VENUE

13       25.    The United States District Court for the Northern District of California, San Francisco

14  Division, is the appropriate venue for removal pursuant to 28 U.S.C. §1441(a) because it embraces the

15  place where Plaintiff originally filed the case, in the Superior Court of San Francisco County.  *See* 28

16  U.S.C. §§ 84(a) & 1441(a).

17  ### V.  NOTICE

18       26.    Nike will promptly serve this Notice of Removal on Plaintiff and will promptly file a

19  copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County

20  of San Francisco, in which the action is pending, as required under 28 U.S.C. § 1446(d).

21       27.    Pursuant 28 U.S.C. §1446(a), true and correct copies of all "process, pleadings, and

22  orders served" upon Nike as well as other documents filed in the state court action are filed concurrently

23  with this Notice of Removal as Exhibit A to the Schwing Declaration.

24  ### VI.  CONCLUSION

25       28.    For the foregoing reasons, Nike respectfully submits that this action is properly removed

26  to this Court, and Nike respectfully requests that this Court proceed as if this case had been originally

27

28  [4] Again, Nike denies that it is liable in any amount to Plaintiff and assumes Plaintiff would prevail on her claims only to evaluate the amount in controversy.

Gibson, Dunn & Crutcher LLP

filed in this Court.  If any question arises as to the propriety of the removal of this action, Nike requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: October 22, 2020

GIBSON, DUNN & CRUTCHER LLP


By:   /s/ Austin V. Schwing
                           Austin V. Schwing

*Attorneys for Nike, Inc.*

**CERTIFICATE OF SERVICE**

I, Julian W. Kleinbrodt, declare as follows:

I am employed in the County of San Francisco, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, CA 94105-0921, in said County and State.  On October 22, 2020, I served the following document(s):

**DEFENDANT NIKE, INC.'S NOTICE OF REMOVAL**

on the parties stated below, by the following means of service:

Michael Rubin
Eve H. Cervantez
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108

James F. Clapp
Marita Murphy Lauinger
CLAPP & LAUINGER LLP
701 Palomar Airport Road, Suite 300
Carlsbad, California 92011

☑   **BY UNITED STATES MAIL**: I placed a true copy in a sealed envelope or package addressed to the persons as indicated above, on the above-mentioned date, and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited with the U.S. Postal Service in the ordinary course of business in a sealed envelope with postage fully prepaid. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing set forth in this declaration.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☐   **(STATE)**      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☑   **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 22, 2020.

/s/ Julian W. Kleinbrodt
Julian W. Kleinbrodt

104146064.3

NOTICE OF REMOVAL

Gibson, Dunn & Crutcher LLP