# Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NIKE, INC., an Oregon corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CALI BUNN, individually and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: | CASE NUMBER: *(Número del Caso):*
*(El nombre y dirección de la corte es):* | CGC-20-585683
San Francisco County Superior Court, Civic Center Courthouse
400 McAllister St., San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

James F. Clapp, CLAPP & LAUINGER LLP, 701 Palomar Airport Rd., #300, Carlsbad, CA 92011, (760) 209-6565 x101

DATE:      July 30, 2020          CLERK OF THE COURT          KALENE APOLONIO          , Deputy
*(Fecha)*      JUL 30 2020                      *(Secretario)*                                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

privacy, please press the Clear This Form button after yo...

[ Print this form ]  [ Save this form ]          [ Clear this form ]

1  MICHAEL RUBIN (80618)
   mrubin@altber.com
2  EVE H. CERVANTEZ (164709)
   ecervantez@altber.com
3  ALTSHULER BERZON LLP
   177 Post St., Suite 300
4  San Francisco, CA 94108
   Tel:   415-421-7151
5  Fax:  415-362-8064

6  JAMES F. CLAPP (145814)
   jclapp@clapplegal.com
7  MARITA MURPHY LAUINGER (199242)
   mlauinger@clapplegal.com
8  CLAPP & LAUINGER LLP
   701 Palomar Airport Road, Suite 300
9  Carlsbad, California 92011
   Tel:   760-209-6565 ext. 101
10 Fax:  760-209-6565

11 Attorneys for Plaintiff CALI BUNN

12

13            SUPERIOR COURT OF THE STATE OF CALIFORNIA

14               IN AND FOR THE COUNTY OF SAN FRANCISCO

15

16 CALI BUNN, individually and on behalf of      CASE NO. **CGC-20-585683**
   all others similarly situated,
17
                                                 CLASS ACTION COMPLAINT FOR
18                 Plaintiff,                     INJUNCTIVE RELIEF AND DAMAGES FOR
                                                 VIOLATIONS OF:
19       v.
                                                 1. Title III of the Americans with Disabilities
20 NIKE, INC., an Oregon corporation,               Act (42 U.S.C. §§ 12181 et seq.)
                                                 2. Unruh Civil Rights Act (Cal. Civil Code § 51
21                 Defendant.                        et seq.)
                                                 3. California Disabled Persons Act (Cal. Civ.
22                                                  Code § 54 et seq.)

23                                               JURY TRIAL REQUESTED

24

25                              INTRODUCTION

26       1.  Although the COVID-19 pandemic has made life difficult for everyone, it has

27 caused special problems for the 37 million people in the United States and three million

28 people in California who are deaf or hard of hearing. California state and local governments,

FILED
San Francisco County Superior Court

JUN 3 0 2020

CLERK OF THE COURT
BY: _____
              Deputy Clerk

ORIGINAL

                                     1
CLASS ACTION COMPLAINT

1  like many governments throughout the country, require (or at least strongly recommend) the

2  use of masks or other face coverings to reduce the spread of the novel coronavirus. In

3  response to these directives, many retail companies in California, including defendant Nike,

4  Inc. ("Nike"), now require their employees to wear face masks at work, at least when

5  interacting with customers or co-workers. These mandatory masking requirements serve an

6  important public health and safety purpose.  But they can be – and in this case have been –

7  implemented in a manner that discriminates against deaf or hard of hearing individuals in

8  violation of state and federal law.

9      2. This is a class action for injunctive relief and statutory damages, brought on behalf

10  of deaf and hard of hearing Californians who are current or future customers of Nike at its

11  retail stores in California. Throughout California (and perhaps, discovery will demonstrate,

12  throughout the country), Nike has implemented a mandatory mask-wearing policy that, on

13  information and belief, requires its retail store employees to wear Nike-supplied and Nike-

14  branded masks made of cloth or other opaque material whenever they interact with customers

15  and co-workers. Those opaque masks create unique communications problems for deaf and

16  hard of hearing people, because they muffle speech and block visualization of the mouth area

17  and facial expressions.  For the substantial percentage of deaf and hard of hearing people,

18  like plaintiff Cali Bunn, who rely on speechreading (also known as lipreading) to understand

19  speech, Nike's face mask requirement interferes with their ability to hear and to

20  communicate. *See, e.g.,* https://www.wsj.com/articles/the-pandemic-has-made-my-hearing-

21  problem-even-more-of-a-problem-11594908056?mod=searchresults&page =1&pos=2;

22  https://www.bbc.com/news/world-52764355.

23      3. Under the federal Americans with Disabilities Act ("ADA"), the California Unruh

24  Act, and the California Disabled Persons Act ("CDPA"), retail establishments such as

25  defendant Nike have an affirmative duty to adopt policies or to make reasonable

26  modifications to existing policies, and to provide auxiliary aids and services sufficient "to

27  ensure that no individual with a disability is excluded, denied services, segregated or

28  otherwise treated differently" than people without disabilities.  *See, e.g.,* 42 U.S.C.

2

§ 12182(b)(2)(A)(ii).  Nike's current statewide policy of requiring all employees to wear opaque masks violates each of these laws by excluding disabled persons like plaintiff Bunn, and all those similarly situated, from obtaining equal access to the company's services.

4.  There are many ways Nike could comply with its obligations under federal and state law to accommodate its deaf and hard of hearing customers while continuing to mandate the use of masks or other face coverings by its employees.  For example, many companies sell face masks that have transparent plastic inserts over the mouth area to permit speechreading.  Use of such masks, which cost approximately the same as traditional cloth masks, would ensure the safety of Nike's employees and customers without discriminating against those customers who are deaf or hard of hearing.  Other reasonable accommodations are also readily available, including the use of American Sign Language ("ASL") interpreters and closed captioning devices.

5.  None of these accommodations would pose an undue burden on Nike, a company whose revenues in 2019 exceeded $39 billion.  Yet Nike has failed to take any of these reasonably appropriate steps to accommodate its customers who are deaf or hard of hearing. This lawsuit seeks an injunction prohibiting Nike from continuing to discriminate against persons with hearing-related disabilities, as well as statutory damages to plaintiff and to other similarly situated California customers whose rights have been violated by Nike's unlawful conduct.

<u>PARTIES</u>

6.  Plaintiff Cali Bunn is 21years old and resides in the State of California.  She has severe-to-profound hearing loss, which is a physical impairment that substantially limits her major life activities of hearing and communicating.  42 U.S.C. § 12102(1)(A) and (2)(A). Plaintiff relies on speechreading and interpretation of visual cues such as facial expressions to understand speech.  She is a Nike customer, whose upsetting experience at a Nike retail store while unsuccessfully trying to communicate with a masked salesperson caused her embarrassment and anguish and prevents her from returning to shop for Nike products at Nike retail stores in California that she would otherwise frequent.

3

1       7.  Defendant Nike, Inc. is an Oregon corporation with its principal place of business

2    in Beaverton, Oregon.  Nike owns and operates 384 retail stores in the United States.

3    Approximately 37 of those Nike retail stores are in California, many in Northern California.

4    Nike's retail stores are "public accommodations" under 42 U.S.C. § 12181(7)(E).

5    JURISDICTON AND VENUE

6       8.  This Court has original jurisdiction over plaintiff's claims under California law and

7    has concurrent jurisdiction over plaintiff's federal ADA claim. *Yellow Freight Sys. v.*

8    *Donnelly* (1990) 494 U.S. 820.

9       9.  Venue is proper in this Court because Nike has not designated a principal business

10   office in California, and because some of the events, acts and omissions giving rise to

11   plaintiff's claims – which arise from Nike's statewide or nationwide policy of requiring

12   opaque face coverings -- occurred in San Francisco County.  Nike maintains a store located

13   at 278 Post Street in San Francisco.

14   GENERAL ALLEGATIONS

15      10. On information and belief, plaintiff alleges that Nike has implemented a

16   company-wide policy applicable to all of its stores in California and throughout the United

17   States of requiring its employees to wear masks when assisting customers.  Nike's employees

18   comply with that policy.  Nike provides its employees with masks featuring the Nike

19   trademark swoosh.  However, the masks that Nike provides its employees are made of

20   opaque cloth or other material that covers the employees' mouths and block their facial

21   expressions, and therefore interfere with the ability of Nike's deaf and hard of hearing

22   customers, including plaintiff and all those similarly situated to her, to hear and/or

23   communicate with those Nike employees.

24      11.  Nike claims to pride itself on providing exceptional service to its customers.

25   According to a job listing for a Retail Sales Associate in California, Nike requires its

26   salespersons to have a "relentless focus on product knowledge and customer service" and to

27   provide "valuable experiences to consumers every day." Nike requires its salespersons to be

28   friendly, to care for customers, and to bring "passion, energy, drive & positivity into

4

1   customer interactions." Thus, friendly and personalized customer service is one of the

2   "services," "privileges" and "advantages" Nike provides to its customers.  42 U.S.C. §

3   12182(b)(2)(A)(ii).

4       12. On July 12, 2020, plaintiff visited a Nike retail store in San Diego, California to

5   purchase Nike-branded shoes. When she arrived at the store, all of the Nike employees on the

6   sales floor were wearing opaque face masks that obstructed view of their mouths and facial

7   expressions.  Plaintiff asked a male salesperson for assistance in locating a pair of

8   shoes.  Because the salesperson was wearing a mask, plaintiff could not hear or understand

9   what the salesperson was saying in response to her questions. Plaintiff indicated to the

10  salesperson that she was having difficulty understanding him because she was hard of

11  hearing.  Twice she asked the salesperson to repeat himself.  The salesperson responded by

12  expressing frustration with plaintiff, which plaintiff found embarrassing and demeaning.  The

13  salesperson did not lower his mask, provide an auxiliary aid, or make any other attempt to

14  effectively communicate with plaintiff.  Plaintiff then asked her mother, who was standing

15  nearby, what the salesperson had said.  From that point on, the salesperson communicated

16  with plaintiff's mother exclusively, instead of with plaintiff, causing further embarrassment

17  to plaintiff and depriving plaintiff of the friendly and personalized customer service that

18  Nike's hearing customers enjoy, solely because plaintiff has a disability.

19      13.  Plaintiff has shopped in Nike stores in the past and would like to shop in Nike

20  stores in the future.  However, because of Nike's discriminatory face mask policy and the

21  negative impacts that policy has had and will continue to have on plaintiff's ability to hear

22  and communicate with Nike's sales staff, plaintiff is currently deterred from returning to

23  Nike's retail stores and will be deterred in the future, unless and until Nike eliminates its

24  discriminatory policy.

25      14.  On information and belief, although Nike has mandated a company-wide policy

26  requiring all salespersons to wear masks while assisting customers, Nike has not provided

27  any of its salespersons with clear face masks or other auxiliary aids, and Nike has not

28  provided any training to its salespersons or given them any instructions or guidance on how

CLASS ACTION COMPLAINT

1   to accommodate customers who are deaf or hard of hearing and who for that reason cannot

2   effectively communicate with Nike employees wearing opaque face masks.

3                              CLASS ACTION ALLEGATIONS

4        10. Plaintiff seeks to maintain this action for injunctive relief and statutory damages

5   as a class action under Code of Civil Procedure § 382. The Class, on whose behalf plaintiff

6   seeks injunctive relief, consists of all individuals in California who are deaf or hard of

7   hearing. Plaintiff also seeks certification of a statutory damages Subclass, consisting of all

8   Class members who, since the onset of the COVID-19 pandemic and Nike's implementation

9   of its mandatory mask-wearing policy, shopped or desired to shop at a Nike retail store in

10   California whose customer-interacting employees wore opaque face masks. Plaintiff

11   reserves the right to allege a nationwide class action if discovery and investigation warrant.

12        11. The proposed Class is believed to consist of approximately three million

13   members. The proposed Subclass is believed to consist of well over 1,000 members. Joinder

14   of all of such Class and Subclass members in this lawsuit is impracticable.

15        12. There are numerous questions of law and fact common to the Class and Subclass,

16   including without limitation, the following:

17            a. Whether Nike is legally obligated to modify its mask policy and/or provide

18   auxiliary aids such as modified face masks, ASL interpreters or closed captioning devices;

19            b. Whether it would be an undue burden for Nike to modify its mask policy

20   and/or provide such auxiliary aids;

21            c. Whether Nike's policy of requiring its employees to wear opaque face

22   masks and failing to modify that policy and/or provide auxiliary aids violates the ADA, the

23   Unruh Act and/or the California Disabled Persons Act ("CDPA").

24        13. Plaintiff's claims are typical of, and not antagonistic to, the claims of all other

25   members of the Class and Subclass. Plaintiff adequately represents the interests of

26   individuals who are deaf and hard of hearing, all of whom will suffer the same or similar

27   injury due to Nike's unlawful conduct.

28

                                      6

CLASS ACTION COMPLAINT

1      14. Plaintiff and her counsel will fairly and adequately protect the interests of absent

2      Class and Subclass members. There are no material conflicts between plaintiff's claims and

3      those of absent Class and Subclass members that would make class certification

4      inappropriate.

5      15. Plaintiff's counsel are experienced in class action and civil rights litigation and

6      will vigorously assert plaintiff's claims and the claims of all Class and Subclass members.

7      16. Nike's violations of the ADA, the Unruh Act, and the CDPA affect or potentially

8      affect all members of the Class and Subclass. Therefore, an injunction requiring compliance

9      with the ADA, the Unruh Act, and the CDPA, which is the primary relief sought through this

10      lawsuit, is appropriate. Additionally, the questions of law and fact that are common to Class

11      and Subclass members predominate over individual questions affecting members of the Class

12      and Subclass.

13      17. A class action is superior to other potential methods for achieving a fair and

14      efficient adjudication of this controversy. Whatever difficulties may exist in the management

15      of this case as a class action will be greatly outweighed by the benefits of the class action

16      procedure, including but not limited to providing Class and Subclass members a method for

17      the redress and prevention of their injuries and claims that could not, given the complexity of

18      the issues and the nature of the requested relief, be pursued in individual litigation. Further,

19      the prosecution of separate actions by the individual Class and Subclass members, even if

20      possible, would create a risk of inconsistent or varying adjudications and incompatible

21      standards of conduct for defendant.

22      FIRST CAUSE OF ACTION

23      (Violation of Title III of the Americans With Disabilities Act)

24      18. Plaintiff incorporates by reference each and every allegation contained in

25      the foregoing paragraphs.

26      19. Congress enacted the ADA 30 years ago this month upon finding, among other

27      things, that "society has tended to isolate and segregate individuals with disabilities" and that

28

7

1  such forms of discrimination continue to be a "serious and pervasive social problem."

2  42 U.S.C. § 12101(a)(2).

3      20.  Acting upon these findings, Congress declared in the ADA that the purpose of

4  the statute is to provide "a clear and comprehensive national mandate for the elimination of

5  discrimination against individuals with disabilities" and "clear, strong, consistent,

6  enforceable standards addressing discrimination against individuals with disabilities."

7  42 U.S.C. § 12101(b)(l) and (2).

8      21. Title III of the ADA states that "No individual shall be discriminated

9  against on the basis of disability in the full and equal enjoyment of the goods, services,

10  facilities, privileges, advantages, or accommodations of any place of public accommodation

11  by any person who owns, leases (or leases to), or operates a place of public accommodation."

12  42 U.S.C. § 12182(a).

13      22.  Nike's retail stores are "public accommodations" within the meaning of Title III.

14  42 U.S.C. §12181(7)(E).

15      23. The ADA provides that it is discriminatory to subject an individual or class of

16  individuals "to a denial of the opportunity of the individual or class to participate in or

17  benefit from the goods, services, facilities, privileges, advantages, or accommodations of an

18  entity" on the basis of a disability.  42 U.S.C. § 1 2182(b)(1)(A)(i).

19      24.  Discrimination under the ADA also includes a failure to "ensure that no

20  individual with a disability is excluded, denied services, segregated or otherwise treated

21  differently than other individuals because of the absence of auxiliary aids and services." 28

22  C.F.R. §36.303(a). The "auxiliary aids and services" required to prevent discrimination in the

23  full and equal enjoyment of a service provided by a place of public accommodation include

24  modified face masks that reasonably permit others to speechread the wearer, ASL

25  interpreters, and closed captioning.

26      25.  Nike's acts and omissions, as described herein, violate the rights of plaintiff and

27  the Class and Subclass members under Title III of the ADA and its implementing

28

1  regulations. Nike's unlawful discriminatory conduct as alleged herein includes, but is not

2  limited to:

3      a.  Discriminatory exclusion and/or denial of goods, services, facilities,

4  privileges, advantages, accommodations, and/or opportunities. 42 U.S.C.

5  § 12182(b)(1)(A)(i);

6      b.  Provision of goods, services, facilities, privileges, advantages, and/or

7  accommodations that are not equal to those afforded non-disabled individuals. 42 U.S.C.

8  § 12182(b)(l)(A)(ii);

9      c. Failure "to make reasonable modifications in policies, practices, or

10  procedures, when such modifications are necessary to afford such goods, services, facilities,

11  privileges, advantages, or accommodations to individuals with disabilities, unless the entity

12  can demonstrate that making such modifications would fundamentally alter the nature of

13  such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C.

14  § 12182(b)(2)(A)(ii); and

15      d. Failure to "ensure that no individual with a disability is excluded, denied

16  services, segregated or otherwise treated differently than other individuals because of the

17  absence of auxiliary aids and services." 28 C.F.R. §36.303(a).

18      26. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188

19  and 42 U.S.C. § 12205, plaintiff prays for judgment as set forth below.

20                    SECOND CAUSE OF ACTION

21              (Violation of the Unruh Civil Rights Act)

22      27. Plaintiff incorporates by reference each and every allegation contained in

23  the foregoing paragraphs.

24      28. California's Unruh Act guarantees that persons with disabilities are entitled to full

25  and equal accommodations, advantages, facilities, privileges, or services in all business

26  establishments of every kind whatsoever within the jurisdiction of the State of California.

27  Cal. Civ. Code § 51(b).

28

9

CLASS ACTION COMPLAINT

29. The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code § 5l(t).

30.  Plaintiff and the Class and Subclass members are persons within California who are protected by the Unruh Act.

31.  Nike and its retail stores are business establishments that are required to comply with the provisions of the Unruh Act.

32.  Nike's acts and omissions, as described herein, violate the rights of plaintiff and the Class and Subclass members under the Unruh Act by denying, or aiding or inciting the denial of, plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered by Nike to the general public. Nike has also violated the Unruh Act by denying, or aiding or inciting the denial of, plaintiff's rights to equal access arising from the provisions of the ADA.

33.  Pursuant to California Civ. Code § 52.l(f), Nike is liable to plaintiff and the Subclass members for up to three times the amount of actual damages, but in no case less than $4,000 for every violation of California Civil Code § 51 et seq., , and is liable to plaintiff and the Class members for injunctive relief and attorneys' fees and costs incurred in this action.

### THIRD CAUSE OF ACTION

(Violation of the California Disabled Persons Act, Cal. Civil Code § 54.3)

34. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

35. The CDPA provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, ... places of public accommodation, ... and other places to which the general public is invited ...." Cal. Civ. Code § 54.l(a)(l).

36.  The CDPA further provides that "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability

1  under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any

2  amount as may be determined by a jury, or the court sitting without a jury, up to a maximum

3  of three times the amount of actual damages but in no case less than one thousand dollars

4  ($1,000) and attorney's fees as may be determined by the court in addition thereto, suffered

5  by any person denied any of the rights provided in Sections 54, 54.1, and 54.2." Cal. Civ.

6  Code § 54.3(a).

7       37.  A violation of the ADA is a violation of the CDPA.  Cal. Civ. Code § 54.2(c).

8       38.  Nike's retail stores are "places of public accommodation" and "places to which

9  the general public is invited," and as such must comply with the provisions of the CDPA.

10      39.  Nike's acts and omissions, described herein, violate the rights of plaintiff and

11  Class and Subclass members under the CDPA.

12      40.  Plaintiff prays for statutory damages for the Subclass and attorneys' fees for the

13  Class and Subclass pursuant to Cal. Civ. Code § 54.3(a).

14                              PRAYER FOR RELIEF

15      WHEREFORE, plaintiff prays for the following relief:

16      1.  A declaration that Nike is violating the ADA, the Unruh Act, and the CDPA.

17      2.  An injunction pursuant to Title III of the ADA and plaintiff's related state law

18  claims requiring Nike to take all steps necessary to ensure that the services offered in Nike's

19  retail stores are fully and equally enjoyable to persons who are deaf and hard of hearing,

20  including but not limited to providing clear masks to salespersons and other employees in

21  Nike's California retail stores, or other accommodations such as ASL interpreters or closed

22  captioning devices.

23      3.  Damages according to proof, including applicable statutory damages pursuant to

24  Cal. Civ. Code §§ 52 and 54.3.

25      4.  Reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 12188, Cal. Civ.

26  Code § 52, Cal. Civ. Code §54.3, and/or Cal. Code Civ. Proc.1021.5.

27      5.  Such other and further relief as the Court deems just and proper.

28

CLASS ACTION COMPLAINT

Dated:  July 30, 2020

ALTSHULTER BERZON LLP
CLAPP & LAUINGER LLP

_____

JAMES F. CLAPP
Attorneys for Plaintiff
CALI BUNN

12

CLASS ACTION COMPLAINT

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| James F. Clapp (145814)   Marita M. Lauinger (199242) CLAPP & LAUINGER LLP 701 Palomar Airport Road, Suite 300, Carlsbad, CA 92011 TELEPHONE NO.: (760) 209-6565   FAX NO. *(Optional)*: (760) 209-6565 ATTORNEY FOR *(Name)*: Plaintiff Cali Bunn | **FILED** San Francisco County Superior Court JUL 30 2020 CLERK OF THE COURT BY: _Chalene Rabinio_ Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Bunn v. Nike

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | **CGC-20-585683** JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[x] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: (1) Title III of the ADA; (2) Unruh Civil Rights Act; (3) California Disabled Persons Act
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 30, 2020

James F. Clapp
(TYPE OR PRINT NAME)                                            ► _[signature]_   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
James F. Clapp (145814) Marita M. Lauinger (199242)
CLAPP & LAUINGER LLP
701 Palomar Airport Road, Suite 300, Carlsbad, CA 92011
TELEPHONE NO.: (760) 209-6565    FAX NO. *(Optional)*: (760) 209-6565
ATTORNEY FOR *(Name)*: Plaintiff Cali Bunn

**FOR COURT USE ONLY**

# FILED
San Francisco County Superior Court

JUL 30 2020

CLERK OF THE COURT
BY: _Kelene Antonio_
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Bunn v. Nike

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | **CGC-20-585683** JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [x] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: (1) Title III of the ADA; (2) Unruh Civil Rights Act; (3) California Disabled Persons Act
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 30, 2020

James F. Clapp
_____
(TYPE OR PRINT NAME)    ▶    _/s/_    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or*
   *toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil*
   *harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally*
   *complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent*
   *domain, landlord/tenant, or*
   *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
   *drugs, check this item; otherwise,*
   *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex*
   *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-*
      *domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
   *above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-*
      *harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified*
   *above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **DEC-30-2020**

**TIME:** **10:30AM**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

---

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

---

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

---

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

---

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>James F. Clapp (145814)   Marita M. Lauinger (199242)<br>Clapp & Lauinger LLP<br>701 Palomar Airport Road, Suite 300<br>Carlsbad, CA 92011<br>TELEPHONE NO.: (760) 209-6565   FAX NO. *(Optional):* (760) 209-6565<br>E-MAIL ADDRESS *(Optional):* jclapp@clapplegal.com<br>ATTORNEY FOR *(Name):* Plaintiff Bunn | **FOR COURT USE ONLY**<br><br>ELECTRONICALLY<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**09/28/2020**<br>**Clerk of the Court**<br>BY: ANNA TORRES<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102-4514
BRANCH NAME: Civic Center Courthouse

| | |
|---|---|
| PLAINTIFF/PETITIONER: Bunn<br><br>DEFENDANT/RESPONDENT: Nike, Inc. | **CASE NUMBER:**<br>CGC-20-585683 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice to Plaintiff- Case Management Conference

3. a. Party served *(specify name of party as shown on documents served):*
   Nike, Inc.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Austin Schwing, Esq., Attorney for Defendant

4. Address where the party was served:
   aschwing@gibsondunn.com

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*          (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Bunn | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Nike, Inc. | CGC-20-585683 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

      (1)  on *(date):*                              (2)  from *(city):*

      (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

      (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☑  **by other means** *(specify means of service and authorizing code section):*
By agreement of the parties to accept service by email.  CCP section 1010.6, California Rules of Court 2.253(b)(2) and San Francisco Superior Court Local Rule 2.11.  Service completed on 9/22/20.

      ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☑  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☐  On behalf of *(specify):*
      under the following Code of Civil Procedure section:

      ☐  416.10 (corporation)             ☐  415.95 (business organization, form unknown)
      ☐  416.20 (defunct corporation)       ☐  416.60 (minor)
      ☐  416.30 (joint stock company/association)  ☐  416.70 (ward or conservatee)
      ☐  416.40 (association or partnership)    ☐  416.90 (authorized person)
      ☐  416.50 (public entity)             ☐  415.46 (occupant)
                                     ☐  other:

7.  **Person who served papers**
  a.  Name:  Teri Zaayer
  b.  Address:  701 Palomar Airport Road, Suite 300, Carlsbad, CA 92011
  c.  Telephone number:  (760) 209-6565
  d.  **The fee** for service was: $
  e.  I am:

      (1)  ☑  not a registered California process server.
      (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
      (3)  ☐  a registered California process server:
           (i)  ☐  owner  ☐  employee  ☐  independent contractor.
           (ii)  Registration No.:
           (iii)  County:

8.  ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  9/28/20

Teri L. Zaayer
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)         ▶                         (SIGNATURE)

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| CALI BUNN | **Department 304** |
| PLAINTIFF (S) | |
| VS. | **NO. CGC-20-585683** |
| NIKE, INC. | **Order Denying Complex Designation For Failure to File Application Requesting Designation** |
| DEFENDANT (S) | |

ATTENTION ALL COUNSEL AND SELF-REPRESENTED PARTIES:

Complex Designation is DENIED without prejudice. The Application for Approval of Complex Designation has not been filed and provided to Department 304 pursuant to San Francisco Superior Court Local Rule 3.5.

Pursuant to Government Code §70616, et seq., parties who do not plan to file an Application for Complex Designation may seek a refund of any complex litigation fees that they have paid.

IT IS SO ORDERED.

DATED: SEP-28-2020

Anne-Christine Massullo

JUDGE

Order Denying Complex Designation For Failure to File Application Requesting Designation
Form 000015

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on SEP-28-2020 I served the attached Order Denying Complex Designation For Failure to File Application Requesting Designation by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated : SEP-28-2020                    By: MELINKA JONES

MICHAEL RUBIN (080618)
ALTSHULER BERZON LLP
177 POST ST. SUITE 300
SAN FRANCISCO, CA  94108

CERTIFICATE OF SERVICE BY MAIL
Form 000015

GIBSON DUNN & CRUTCHER LLP
AUSTIN SCHWING (SBN 211696)
aschwing@gibsondunn.com
RACHEL BRASS (SBN 219301)
rbrass@gibsondunn.com
JOSEPH ROSE (SBN 279092)
jrose@gibsondunn.com
JULIAN KLEINBRODT (SBN 302085)
jkleinbrodt@gibsondunn.com
555 Mission Street
San Francisco, CA  94105
Tel. (415) 393-8200

Attorneys for Defendant
NIKE, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| CALI BUNN, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NIKE, INC., an Oregon corporation,<br><br>　　　　　Defendant. | CASE NO. CGC-20-585683<br><br>**STIPULATION AND [PROPOSED] ORDER GRANTING EXTENSION OF RESPONSE DEADLINE**<br><br><br>Action Filed:　July 30, 2020<br><br>Trial Date:　　None set |

This Stipulation and [Proposed] Order is entered into by and between Plaintiff Cali Bunn ("Plaintiff"), on the one hand, and Defendant Nike, Inc. ("Nike"), on the other (together, the "Parties"), by and through their respective counsel of record.

WHEREAS, on July 30, 2020, Plaintiff filed the Complaint in this action;

WHEREAS, the Complaint was served on Nike on September 22, 2020;

WHEREAS, pursuant to Code of Civil Procedure sections 412.20(a)(3) and 430.40(a), Nike's last day to respond to the Complaint by motion or answer is currently October 22, 2020;

WHEREAS, the Parties have met and conferred regarding the deadlines in this action;

WHEREAS, the Parties agree that it is reasonable to extend the deadline to respond to the Complaint until November 12, 2020 so that the Parties may further consider the factual allegations and legal issues arising out of the Complaint.

WHEREAS, there have been no previous extensions of time for Defendant Nike to respond to the Complaint;

WHEREAS, the Parties reserve the right to seek further relief from the Court;

WHEREAS, pursuant to California Rule of Court 3.3110(e), a court order is necessary to effectuate the extension because it is greater than 15 days;

NOW, THEREFORE, the Parties, through their undersigned counsel, hereby stipulate, agree, and respectfully request that the Court enter an Order establishing the following:  Defendant Nike's deadline to respond to the Complaint shall be extended to November 12, 2020.  This extension is granted without prejudice to Plaintiff or Defendant seeking further relief from the Court, including, but not limited to, further extensions of the responsive pleading deadline;

**IT IS SO STIPULATED.**

DATED: October 16, 2020

GIBSON, DUNN & CRUTCHER LLP
AUSTIN SCHWING
RACHEL BRASS
JOSEPH ROSE
JULIAN KLEINBRODT


By:  */s/ Austin V. Swhing*
                    Austin V. Schwing


Attorneys for Defendant Nike, Inc.


ALTSHULER BERZON LLP
MICHAEL RUBIN
EVE CERVANTES


By:  */s/ Michael Rubin*
                    Michael Rubin


Attorneys for Plaintiff Cali Bunn

[PROPOSED] ORDER GRANTING EXTENSION OF RESPONSE DEADLINE
CASE NO. CGC-20-585683

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## [PROPOSED] ORDER

**IT IS SO ORDERED.**

**GOOD CAUSE APPEARING**, it is hereby ORDERED that Defendant Nike, Inc. may have until and including November 12, 2020 to respond to the Complaint.  This extension is granted without prejudice to Plaintiff or Defendant Nike, Inc. seeking further relief from the Court, including, but not limited to, further extensions of the responsive pleading deadline.

Date: _____, 2020

_____
HON. JUDGE of the SUPERIOR CT.