MICHAEL RUBIN (80618)
mrubin@altber.com
EVE H. CERVANTEZ (164709)
ecervantez@altber.com
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel:   415-421-7151
Fax: 415-362-8064

JAMES F. CLAPP (145814)
jclapp@clapplegal.com
MARITA MURPHY LAUINGER (199242)
mlauinger@clapplegal.com
CLAPP & LAUINGER LLP
701 Palomar Airport Road, Suite 300
Carlsbad, California 92011
Tel:   760-209-6565 ext. 101
Fax: 760-209-6565

Attorneys for Plaintiff
CALI BUNN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CALI BUNN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NIKE, INC., an Oregon corporation,<br><br>Defendant. | CASE NO.   20-cv-7403-YGR<br><br>**DECLARATION OF MICHAL RUBIN IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION TO APPROVE CLASS ACTION SETTLEMENT FOR INJUNCTIVE RELIEF AND TO APPROVE ATTORNEYS' FEES, COSTS, AND A SERVICE AWARD TO PLAINTIFF**<br><br>DATE:    April 20, 2021<br>TIME:    2:00 p.m.<br>DEPT:    Courtroom 1 – 4th Floor<br><br>Judge:   Hon. Yvonne Gonzalez Rogers |

**DECLARATION OF MICHAEL RUBIN**

I, Michael Rubin, declare as follows:

1. I am a partner in the San Francisco law firm of Altshuler Berzon LLP and am a member of the State Bar of California. I make this declaration in support of Plaintiff's Unopposed Motion to Approve Class Action Settlement for Injunctive Relief and to Approve Attorneys' Fees, Costs, and a Service Award to Plaintiff. I have personal knowledge of the facts set forth below and could competently testify upon these matters if called upon to do so.

### Background and Experience

2. I graduated in 1977 from the Georgetown University Law Center, and joined Altshuler Berzon LLP (then known as Altshuler & Berzon) in November 1981 after having clerked for U.S. District Court Judge Charles B. Renfrew (N. D. Cal.), Ninth Circuit Chief Judge James R. Browning Jr., and Associate Justice William J. Brennan, Jr. For many years I have specialized in complex civil litigation, principally in the area of employment law, and in attorneys' fees litigation.

3. I am a seven-time recipient of a "California Lawyer of the Year" award by California Lawyer magazine and have been listed for many years in "The Best Lawyers in America" in the categories of labor and employment law and appellate law, and as a Northern California "Super Lawyer" in the areas of appellate practice, labor and employment, and class actions. For the past several years I have been named one of the "Top 100 California Lawyers," and one of the "Top 75 Labor and Employment Lawyers" by the Daily Journal. I am also an elected Fellow of the College of Labor and Employment Lawyers, and a former member of the Board of Directors of the AFL-CIO's Lawyers' Coordinating Committee.

4. Among the cases involving issues of employment and discrimination law that I have argued in state and federal appellate courts during the past four years are: *Bayer v. Neiman Marcus Group, Inc.*, 861 F.3d 853 (9th Cir. 2017) (remedies available for violations of Section 503(b) of Americans with Disabilities Act: subsequent merits appeal argued October 2020); *Zoller v. GCA Advisors*, 9th Cir. 20-15595 ("knowing waiver" of judicial

1

forum requirement for statutory employment discrimination claims: argued January 2021); *Berman v. Microchip Technology, Inc.,* 9th Cir. No. 19-17339 (construction of ERISA severance plan: argued December 2020); *Canela v. Costco Wholesale Corp.*, 971 F.3d 845 (9th Cir. 2020) (removability of claims under California's Private Attorney General Act); *Ridgeway v. Walmart Inc*., 946 F.3d 1066 (9th Cir. 2020) (applicability of California minimum wage law mandatory layover and rest break time); *Ibarra v. Wells Fargo Bank, N.A.*, 9th Cir. No. 18-55626 (calculation of California rest-break penalties under Labor Code §226.7(c));  *ZB, N.A. v. Superior Court*, 8 Cal.5th 175 (2019) (remedies available under Labor Code §558); *Salazar v. McDonald's Corp*., 939 F.3d 1051 (9th Cir. 2019) (joint employer liability standards); *Blair v. Rent-A-Center, Inc.,* 928 F.3d 819 (9th Cir. 2019) (enforceability of arbitration clause prohibiting classwide public injunctive relief); *Dynamex Operations West, Inc. v. Superior Court*, 4 Cal.5th 903 (2018) (standards for determining classification of workers as employees or independent contractors); *Laffitte v. Robert Half Int'l Inc*., 1 Cal.5th 480 (2016) (standards for awarding public interest attorneys' fees under California law); and *Kilby v. CVS Pharmacy, Inc*., 63 Cal.4th 1 (2016) (construction of California's suitable seating law). I have also been lead or co-lead counsel in dozens of employment, class action, consumer, attorneys' fees, and environmental cases in state and federal trial and appellate courts throughout the country during my nearly 40 years of practice.

5. My colleague Eve Cervantez is a partner at Altshuler Berzon LLP.  Ms. Cervantez is a 1992 *magna cum laude* graduate of Harvard Law School, where she served as an editor of the Harvard Law Review. Ms. Cervantez received her Bachelor of Arts with honors in 1985 from Washington University in St. Louis, Missouri, where she was a member of Phi Beta Kappa.  She clerked for the Honorable Charles A. Legge, United States District Judge, Northern District of California. Ms. Cervantez has been named a Northern California "Super Lawyer" in the area of plaintiff-side employment litigation every year since 2010 and was recently named one of the top 50 women litigators in Northern California. She was named a 2018 "California Attorney of the Year" in the area of consumer privacy for her work as

court-appointed co-lead counsel for the plaintiff class in multi-district litigation, *In re Anthem, Inc. Data Breach Litigation*, No. 15-MD-02617-LHK (N.D. Cal) ($115 million settlement of data breach case). Ms. Cervantez is a member of the Board and chairs the Litigation Committee for Equal Rights Advocates. She is also on the Senior Editorial Board for the ABA treatise *Fair Labor Standards Act*.

6. Ms. Cervantez has focused on disability and civil rights litigation since the beginning of her career and has litigated numerous class action disability rights and employment class action lawsuits, as a partner at Altshuler Berzon and previously as a partner at Lieff, Cabraser, Heimann & Bernstein, LLP and a staff attorney at the Prison Law Office. Notable disability rights victories include *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206 (1998) (applicability of Americans with Disabilities Act to prisoners); *Armstrong v. Wilson*, 124 F.3d 1019 (9th Cir. 1997) (class action on behalf of prisoners with disabilities); *M.R. v. Dreyfus*, 697 F.3d 706 (9th Cir. 2012) (preliminary injunction for individuals with disabilities deprived of in-home care); *Oster v. Lightbourne*, No. 09-cv-04668-CW, 2012 WL 691833 (N.D. Cal. Mar. 2, 2012) (court-ordered injunctive relief in certified class action involving Medicaid beneficiaries). Other representative discrimination cases in which Ms. Cervantez has served as class counsel or plaintiffs' counsel include *Curtis-Bauer v. Morgan Stanley & Co., Inc.* (N.D. Cal. Case No. C 06-3903 TEH) (settlement including comprehensive injunctive relief and $16 million monetary relief in race discrimination class action); *Gonzalez v. Abercrombie & Fitch Stores, Inc.* (N.D. Cal. Case No. 03-2817-SI) (settlement of $40 million plus injunctive relief in case alleging race and gender discrimination); *Frank v. United Airlines* (N.D. Cal. Case No. C92 0692 MJJ) ($36.5 million gender discrimination settlement); *Holloway v. Best Buy* (N.D. Cal, Case No. 05-cv-05056-PJH) (settlement for comprehensive injunctive relief in race and gender discrimination class action); *Satchell v. Federal Express Corp*. (N.D. Cal. Case Nos. C03-2659 SI, C 03-2878-SI) (settlement of $55 million, plus comprehensive injunctive relief, of race and national origin discrimination claims).

**Attorneys' Fees**

7. Altshuler Berzon LLP frequently represents parties litigating court-awarded fee issues in state and federal courts. In addition to having extensive experience guest-lecturing and presenting talks on a broad range of employment and civil rights issues, I have been a panelist or principal speaker addressing attorneys' fee issues at many continuing education panels, including those sponsored by bar associations and other public entities, have testified about fees issues in court, and have been called upon as an expert in state and federal fees litigation to state my opinion as to the appropriateness of fees and/or hourly rates requested by counsel in cases under state and federal fee-shifting statutes.

8. During my representation of my clients and other counsel in attorneys' fees litigation in state and federal court, I have had considerable opportunity to familiarize myself with the hourly rates charged by attorneys with varying degrees of experience. In my fees practice, I have reviewed the hourly rates of dozens of law firms in California and elsewhere. I am also familiar with the hourly rates awarded by state and federal courts in the cases in which my law firm has acted as fees counsel during the past four decades, as well as the rates awarded in many other fees cases by state and federal courts in California and throughout the country. I have also reviewed many published surveys of attorneys' billing rates.

9. Through January 17, 2021, Altshuler Berzon LLP's lodestar fees for this matter are $70,872.50, based on 47.10 hours of my time and 16.30 hours of Ms. Cervantez's time at our current commercial rates of $1,150 and $1,025 respectively. That lodestar will increase in the future to account for the time we anticipate spending on the settlement approval process and on communications with plaintiff and class members and on monitoring Nike's implementation of the settlement, if approved by the Court.

10. Altshuler Berzon LLP's regular and customary practice is to require its billers to keep contemporaneous time records, maintained on a daily basis, and describing tasks performed in 0.1 hour increments. Ms. Cervantez and I followed that practice throughout this litigation. During the time period covered by this case, beginning on July 20, 2020, my law firm used ProLaw to record our billable time. At or near the time the work was performed,

4

RUBIN DECL ISO PLAINTIFF'S UNOPPOSED MOTION FOR SETTLEMENT APPROVAL, ATTORNEYS' FEES, COSTS, AND A SERVICE AWARD        20-CV-7403-YGR

the hours were input into ProLaw, which recorded and stored the time as individual electronic entries, along with detailed descriptions of the tasks performed. Shortly after the end of each month, Ms. Cervantez and I electronically released our time entries to the accounting department. The accounting department electronically imported all time entries for that month into the accounting system.

11. Since the end of the July 2020 billing cycle, I have carefully reviewed all the time logs for this matter on a monthly basis and deleted time that I thought was duplicative or inefficient. While Ms. Cervantez and I always exercise billing judgment when recording our time at the end of the month, we also exercised billing judgment before recording our time, because it is our practice not to enter time that we believe might be duplicative, and to reduce time for work that may have been inefficient.

12. Attached as Exhibit A is a spreadsheet containing a true and correct description of our contemporaneous computerized time records in this matter, maintained by my law firm through January 17, 2021.

13. Altshuler Berzon is also requesting reimbursement for $19.60 in expenses in this litigation ($15.60 for copying and $4.00 for travel). Although our actual expenses were considerably greater (in particular for computerized legal research and copying), Ms. Cervantez and I have not maintained complete cost logs since we started working remotely in March 2020.

14. Altshuler Berzon LLP's commercial rates are the hourly rates that Altshuler Berzon bills to its full-rate clients who are billed, and pay, for legal services on a monthly basis (including in several of the cases cited in ¶4 above, among others). Altshuler Berzon's commercial hourly rates (or their historical equivalents) have also been repeatedly approved by numerous courts, including most recently in *Nix v. Major League Baseball*, N.D. Cal. No. 3:20-cv-00546-WHA, *Ridgeway v. Walmart Inc.*, N.D. Cal. No. 3:08-cv-05221-SI, *Blair v. Rent-A-Center, Inc.,* N.D. Cal. No. 3:17-cv-02335-WHA, *Bare v. Club Demonstration Services, Inc.,* Sacramento County Superior Court No. 34-2017-00221115, *Smiles v. Walgreen Co.*, Alameda County Superior Court No. RG17862495, and *Henderson v.*

*JPMorgan Chase Bank,* C.D. Cal.  No. 2:11-CV-03428 PSG (PLAx).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of January 2021, at Berkeley, California.

                                                                /s/Michael Rubin
                                                                    Michael Rubin

6

RUBIN DECL ISO PLAINTIFF'S UNOPPOSED MOTION FOR SETTLEMENT APPROVAL, ATTORNEYS' FEES, COSTS, AND A SERVICE AWARD      20-CV-7403-YGR

EXHIBIT A

Bunn v. Nike, Fees thru 01/26/21

| Attorney | Hours | Rate | Fees |
|---|---|---|---|
| Rubin, M. | 47.10 | 1,150.00 | $54,165.00 |
| *Rubin, M.* | *0.60* | *0.00* | *$0.00* |
| Cervantez, E. | 16.30 | 1,025.00 | $16,707.50 |
|  | 64.00 |  | $70,872.50 |

Bunn v. Nike, Costs thru 01/26/21

| | |
|---|---|
| Copies/Printing | $15.60 |
| Travel | $4.00 |
| | $19.60 |

| Matter | Date | Attorney | Hours | Description | Ref. |
|---|---|---|---|---|---|
| 1526.001 | 07/20/20 | EC | 0.20 | Review and analyze new potential case for hearing impaired patron at Nike | 1 |
| 1526.001 | 07/20/20 | EC | 0.30 | Review and analyze draft complaint; | 2 |
| 1526.001 | 07/21/20 | MR | 2.00 | Review complaint; e-mails re: same with Jim Clapp, Eve Cervantez; telephone conference with Jim Clapp re: legal theories, strategies; memo to partners re: issues and strategies | 3 |
| 1526.001 | 07/22/20 | MR | 0.20 | E-mails with co-counsel | 4 |
| 1526.001 | 07/22/20 | EC | 0.20 | Strategy emails; | 5 |
| 1526.001 | 07/25/20 | EC | 0.30 | Exchange strategy email; | 6 |
| 1526.001 | 07/26/20 | MR | 0.30 | E-mails re: TRO, demand letter with Eve Cervantez, Jim Clapp | 7 |
| 1526.001 | 07/26/20 | EC | 0.20 | Exchange email re: venue; | 8 |
| 1526.001 | 07/27/20 | MR | 0.80 | E-mails re: filing strategy, timing, investigation with Jim Clapp, Eve Cervantez; strategy conferences with co-counsel; edit draft complain | 9 |
| 1526.001 | 07/27/20 | EC | 0.30 | Exchange strategy emails re: venue, preliminary injunction; | 10 |
| 1526.001 | 07/28/20 | MR | 2.70 | Edit complaint; e-mails re: same with Eve Cervantez, Jim Clapp | 11 |
| 1526.001 | 07/28/20 | EC | 0.80 | Revise complaint and press release; exchange email re: same; | 12 |
| 1526.001 | 07/29/20 | MR | 0.50 | E-mails re: complaint, plaintiff's status, demand letter, fact investigation | 13 |
| 1526.001 | 07/29/20 | EC | 1.70 | Travel to and inspect San Francisco store and exchange email re: same; | 14 |
| 1526.001 | 07/29/20 | EC | 0.80 | Revise complaint; | 15 |
| 1526.001 | 07/30/20 | MR | 0.80 | Review final version of complaint; press materials, communication from disability rights group | 16 |
| 1526.001 | 07/31/20 | MR | 1.20 | Review docket, notice to plaintiffs; e-mails to co-counsel re: judicial assignment; edit demand letter; e-mails re: same | 17 |
| 1526.001 | 07/31/20 | EC | 0.30 | Review demand letter and news articles; | 18 |
| 1526.001 | 08/06/20 | MR | 0.70 | Telephone conferences with Jim Clapp, defense counsel Austin Schwing, Eve Cervantez re: status of case, service, possible resolution, etc | 19 |
| 1526.001 | 08/06/20 | EC | 0.10 | Research re opposing counsel; | 20 |
| 1526.001 | 08/06/20 | EC | 0.10 | Telephone conference with Michael Rubin re: opposing counsel; | 21 |
| 1526.001 | 08/17/20 | MR | 0.10 | E-mail from defense counsel | 22 |
| 1526.001 | 08/18/20 | MR | 0.50 | Review letter from Gibson Dunn, e-mails with co-counsel re: same | 23 |
| 1526.001 | 08/20/20 | MR | 0.80 | Review Nike letter; research same; telephone conference with Jim Clapp; voice mail for Nike counse | 24 |
| 1526.001 | 08/24/20 | MR | 1.20 | E-mails with defense counsel; prepare for and conduct settlement call with defense counsel; conference call with Jim Clapp, Eve Cervantez re: same | 25 |
| 1526.001 | 08/24/20 | EC | 0.30 | Telephone conference with Michael Rubin and Jim Clapp re: next steps | 26 |
| 1526.001 | 08/27/20 | EC | 0.10 | Follow up on disability rights group lawyers | 27 |
| 1526.001 | 08/31/20 | MR | 0.10 | E-mails with Nike, co-counsel re: settlement discussions, service of complaint | 28 |
| 1526.001 | 09/01/20 | EC | 0.50 | Exchange email with disability rights group re: experts and follow up on same | 29 |
| 1526.001 | 09/02/20 | MR | 0.20 | E-mails re: outreach to disability rights groups | 30 |
| 1526.001 | 09/10/20 | MR | 0.10 | E-mails with Nike's counsel | 31 |
| 1526.001 | 09/15/20 | MR | 0.50 | Telephone conference with Austin Schwing; research re: same; e-mails with co-counsel re: same | 32 |
| 1526.001 | 09/16/20 | MR | 0.30 | Prepare for and conduct conference call with co-counsel re: settlement offer | 33 |
| 1526.001 | 09/16/20 | EC | 0.20 | Telephone conference with Michael Rubin and James Clapp; | 34 |
| 1526.001 | 09/17/20 | MR | 0.90 | Review Jim Clapp memo re: ADA reasonable accommodation provisions; e-mails re: same; e-mails re: settlement strategies | 35 |
| 1526.001 | 09/17/20 | EC | 0.60 | Analyze potential settlement and exchange email re: same; | 36 |
| 1526.001 | 09/22/20 | MR | 0.50 | E-mail to defense counsel; settlement conference with defense counsel; e-mails re: settlement, service with co-counse | 37 |
| 1526.001 | 09/28/20 | EC | 0.10 | Exchange email re: settlement; | 38 |
| 1526.001 | 09/29/20 | MR | 0.20 | Review court filing re: proof of service, order re: complex case non-designation | 39 |
| 1526.001 | 09/30/20 | MR | 0.40 | E-mails with co-counsel, defense counsel | 40 |
| 1526.001 | 10/01/20 | MR | 0.70 | Prepare for and conduct settlement conference with Nike; e-mails re: same | 41 |
| 1526.001 | 10/07/20 | MR | 0.10 | E-mails with Austin Schwing re: settlement | 42 |
| 1526.001 | 10/15/20 | MR | 0.30 | E-mails re: settlement with Nike, co-counsel | 43 |
| 1526.001 | 10/16/20 | MR | 0.20 | E-mails with Austin Schwing; review proposed stipulation; prepare for and conduct settlement conference | 44 |
| 1526.001 | 10/22/20 | MR | 0.40 | Review notice of removal; review district court orders re: ADA and case management conference | 45 |
| 1526.001 | 10/22/20 | EC | 0.30 | Review court order re: ADA rules; exchange email re: same; | 46 |
| 1526.001 | 10/23/20 | MR | 0.80 | E-mails with defense counsel, co-counsel, re: removal, request for extension, settlement; review court orders, e-mails re: same and re: scheduling; review stipulation | 47 |
| 1526.001 | 10/23/20 | EC | 0.20 | Exchange email re: stipulation and dates; | 48 |
| 1526.001 | 10/30/20 | MR | 0.10 | E-mails with defense counsel | 49 |
| 1526.001 | 11/02/20 | MR | 0.30 | Research WSJ article; e-mails with defense counsel | 50 |
| 1526.001 | 11/03/20 | EC | 0.30 | Exchange email re: settlement; | 51 |
| 1526.001 | 11/03/20 | MR | 1.00 | E-mails with defense counsel; prepare for and conduct settlement conference; e-mails with co-counse | 52 |
| 1526.001 | 11/05/20 | MR | 0.20 | Review notice of reassignment; e-mails re: same | 53 |
| 1526.001 | 11/06/20 | EC | 0.20 | Exchange email re: attorneys fees; calculate same; | 54 |
| 1526.001 | 11/06/20 | MR | 0.30 | Prepare settlement demand; e-mails re: same | 55 |

| | | | | | |
|---|---|---|---|---|---|
| 1526.001 | 11/09/20 | MR | 0.20 | E-mails re: developments | 56 |
| 1526.001 | 11/11/20 | EC | 0.30 | Double check rules and revise proposed stipulation re: extension of time accordingly | 57 |
| 1526.001 | 11/11/20 | MR | 0.50 | Review e-mail and proposed stipulation from Austin Schwing; e-mails with co-counsel, Austin Schwing re: same; edit proposed stipulation | 58 |
| 1526.001 | 11/12/20 | EC | 0.10 | Exchange email re: fees | 59 |
| 1526.001 | 11/13/20 | MR | 0.80 | E-mails with co-counsel re: Nike's requests for information; settlement e-mails with Nike; review Nike's Answer | 60 |
| 1526.001 | 11/16/20 | MR | 0.30 | E-mails re: mask studies | 61 |
| 1526.001 | 11/17/20 | EC | 0.20 | Exchange internal email re: masks, state court calendar, recent intakes | 62 |
| 1526.001 | 11/17/20 | MR | 0.90 | Review stipulation; evaluate sample mask; create video for co-counsel re: same | 63 |
| 1526.001 | 11/18/20 | MR | 0.10 | E-mails with Jim Clapp re: model mask from Nike | 64 |
| 1526.001 | 11/19/20 | MR | 0.30 | E-mails re: settlement terms with Austin Schwing, Eve Cervantez, Jim Clapp; voice mail for Jim Clapp; | 65 |
| 1526.001 | 11/23/20 | MR | 0.20 | E-mails re: settlement with Jim Clapp, Austin Schwing; | 66 |
| 1526.001 | 11/24/20 | MR | 0.70 | E-mails and telephone conference with Austin Schwing, Jim Clapp re: settlement issues, masks, fees; | 67 |
| 1526.001 | 12/02/20 | MR | 0.20 | E-mails with Jim Clapp, Austin Schwing re: status of settlement documents | 68 |
| 1526.001 | 12/07/20 | MR | 0.20 | E-mails re: status with Jim Clapp, Austin Schwing | 69 |
| 1526.001 | 12/08/20 | MR | 0.20 | E-mails re: next steps with co-counsel; e-mail with Nike | 70 |
| 1526.001 | 12/09/20 | MR | 0.10 | E-mails re: timing of settlement | 71 |
| 1526.001 | 12/11/20 | MR | 0.20 | E-mails with Nike's counsel | 72 |
| 1526.001 | 12/14/20 | MR | 1.50 | E-mails with Austin Schwing re: settlement draft; e-mails with co-counsel re: same; review draft; e-mail comments to co-counsel | 73 |
| 1526.001 | 12/14/20 | EC | 1.00 | Review proposed settlement agreement; exchange emails re: same; | 74 |
| 1526.001 | 12/15/20 | MR | 5.90 | Review Jim Clapp, Eve Cervantez comments on draft settlement; prepare for and conduct settlement conference with Austin Schwing; e-mails with co-counsel re: negotiations; edit draft settlement agreement; e-mails re: same; review Jim Clapp edits and comments; further edits to settlement; e-mails re: same | 75 |
| 1526.001 | 12/15/20 | EC | 0.70 | Revise settlement agreement and exchange email re: same; | 76 |
| 1526.001 | 12/16/20 | MR | 0.70 | Review and incorporate additional edits and comments from co-counsel; e-mails with Nike counsel; review proposed signage; e-mails re: same | 77 |
| 1526.001 | 12/16/20 | EC | 0.20 | Review settlement agreement and exchange emails re: same; | 78 |
| 1526.001 | 12/17/20 | MR | 0.50 | Review new proposed signage, e-mails re: settlement draft from Jim Clapp; e-mails re: same with Austin Schwing | 79 |
| 1526.001 | 12/17/20 | EC | 0.20 | Exchange emails re: settlement; | 80 |
| 1526.001 | 12/18/20 | MR | 3.80 | Review new edits and comments from Nike; edit revised draft; e-mails with co-counsel re: same | 81 |
| *1526.001* | *12/18/20* | *MR* | *0.60* | *(No Charge)* | *82* |
| 1526.001 | 12/18/20 | MR | 0.30 | E-mails with Austin Schwing re: edits to signage, revised draft | 83 |
| 1526.001 | 12/18/20 | EC | 1.00 | Review and revise settlement agreement; exchange email re: same; | 84 |
| 1526.001 | 12/21/20 | EC | 0.30 | Review settlement and exchange email re: same; | 85 |
| 1526.001 | 12/22/20 | MR | 0.60 | Review new edits from Nike; e-mails with co-counsel re: same | 86 |
| 1526.001 | 12/26/20 | EC | 0.10 | Exchange email re: settlement; | 87 |
| 1526.001 | 12/27/20 | MR | 1.10 | Review Nike redline, e-mails with co-counsel; prepare counter; e-mails re: same | 88 |
| 1526.001 | 12/29/20 | EC | 0.10 | Exchange email with Michael Rubin re: settlement; | 89 |
| 1526.001 | 12/30/20 | MR | 0.20 | E-mails with Austin Schwing, James Clapp | 90 |
| 1526.001 | 12/31/20 | MR | 1.40 | Settlement negotiations with Nike; e-mails with Jim Clapp, Eve Cervantez re: same; further e-mails with defense counsel, co-counsel; review and edit revised draft | 91 |
| 1526.001 | 12/31/20 | EC | 0.20 | Review and edit settlement agreement; | 92 |
| 1526.001 | 01/02/21 | EC | 2.20 | Research and revise approval order and exchange email with co-counsel re: same and settlement | 93 |
| 1526.001 | 01/02/21 | MR | 0.80 | Review and edit draft final approval order; review new version of settlement agreement; e-mails with defense counsel, co-counsel re: same | 94 |
| 1526.001 | 01/03/21 | EC | 0.20 | Exchange email with co-counsel re: proposed approval order and approval motion | 95 |
| 1526.001 | 01/03/21 | MR | 1.00 | Review edits and comments to settlement agreement and exhibit 1 from co-counsel; edit settlement documents; e-mails re: same with Nike counsel, co-counsel; review Nike e-mail and edits to final order; further e-mails re: same | 96 |
| 1526.001 | 01/04/21 | EC | 0.20 | Review and revise settlement agreement and approval order; | 97 |
| 1526.001 | 01/04/21 | MR | 0.70 | Review e-mail and further edits from Nike; e-mails with co-counsel, defense counsel re: same | 98 |
| 1526.001 | 01/05/21 | MR | 0.30 | E-mails with Nike counsel re: final edits, execution of agreement; e-mails with co-counsel re: same | 99 |
| 1526.001 | 01/06/21 | MR | 0.20 | E-mails re: execution of agreement | 100 |
| 1526.001 | 01/08/21 | MR | 0.20 | E-mails re: final signature; e-mails with Nike | 101 |
| 1526.001 | 01/11/21 | EC | 0.20 | Exchange email with co-counsel re: fee motion; | 102 |
| 1526.001 | 01/11/21 | MR | 0.40 | Review Nike's CAFA notice; review and edit motion for approval, e-mails re: next steps | 103 |
| 1526.001 | 01/12/21 | EC | 1.00 | Research notice for Rule 23(b)(2) settlement class and revise approval motion and brief | 104 |
| 1526.001 | 01/13/21 | MR | 1.20 | Edit approval motion; e-mails re: edits | 105 |
| 1526.001 | 01/17/21 | MR | 2.00 | Review version of approval motion e-mailed to Nike; research and draft fees declaration; e-mails with co-counsel re: same | 107 |
| | | | 64.00 | | |