UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Cali Bunn, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>   v.<br><br>Nike, Inc., an Oregon corporation,<br><br>              Defendant. | CASE NO. 20-cv-7403-YGR<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR SETTLEMENT APPROVAL** |

## I.   INTRODUCTION

Plaintiff Cali Bunn ("Plaintiff") brings this putative class action against defendant NIKE, Inc. ("Nike") for alleged violation of Title III of the Americans with Disabilities Act (42 U.S.C. §§ 12181 et seq.), the Unruh Civil Rights Act (Cal. Civil Code §§ 51 et seq.), and the California Disabled Persons Act (Cal. Civ. Code §§ 54 et seq.).  Currently before the Court is Plaintiff's Unopposed Motion for Approval of a Class Action Settlement.  Having carefully reviewed the Settlement Agreement[1] and all papers, pleadings, records, and prior proceedings to date in this action, the Court grants Plaintiff's Unopposed Motion for Settlement Approval.  The Parties' Agreement was reached as a result of extensive arm's length negotiations and there is no evidence of collusion.  Plaintiff and her counsel had sufficient information to evaluate the strengths and weaknesses of the case and to conduct informed settlement discussions, and they have reached a settlement that is fair, reasonable, and adequate.  Accordingly, as addressed below, it is approved in its entirety.

## II.   BACKGROUND

On or around June 18, 2020, Nike instituted a statewide policy in California requiring employees in retail Stores ("Stores")[1] to wear face coverings in compliance with California's mandate that all residents wear a face covering while in an indoor space in order to reduce the spread of COVID-19.  Plaintiff, a California resident who is profoundly hard of hearing, alleges that she visited a Nike brand Store in San Diego, California on July 12, 2020 to purchase shoes and that Nike, in violation of federal and California state law, did not provide her a reasonable accommodation because a Nike employee wore an opaque mask that made it impossible for her to speechread.  On September 22, 2020, Plaintiff filed a putative class action lawsuit against Nike in the California Superior Court for the County of San Francisco, alleging violations of Title III of the Americans with Disabilities Act (42 U.S.C. §§ 12181 et seq.), the Unruh Civil Rights Act (Cal. Civil Code §§ 51 et seq.), and the California Disabled Persons Act (Cal. Civ. Code §§ 54 et seq.).  Nike removed that lawsuit to this Court on October 22, 2020 where it is currently pending.

---

[1]   Capitalized terms used herein are defined in and have the same meaning as used in the Settlement Agreement unless otherwise stated.  The Settlement Agreement is attached as Exhibit 1.

## III.   SETTLEMENT AGREEMENT

The Parties conducted extensive arm's length negotiations and reached a Settlement Agreement providing for significant injunctive relief that will provide a timely benefit to the Settlement Class.  The terms of the Parties' Settlement Agreement require that Nike undertake the following practices ("Consented To Relief") within 14 days of the Execution Date:

    a.    Nike shall make available to each Store a sufficient number of masks with transparent windows over the mouth area to enable those Stores' employees, without unreasonable delay, to obtain and use transparent-window masks during conversations with customers who are deaf or hard of hearing who indicate they prefer to communicate through speechreading; and Nike shall replenish the supply of such masks as reasonably necessary;

    b.    Nike shall make available clean pens and paper at each Store to facilitate the exchange of notes with customers who are deaf or hard of hearing who indicate they prefer to communicate that way;

    c.    Nike shall provide guidance and communications to employees working in Stores regarding how to accommodate customers who are deaf or hard of hearing and regarding the availability and proper usage of the transparent masks and clean pens and paper with such customers; and

    d.    Nike shall post notices near the entrances of Stores to advise customers who are deaf or hard of hearing that they may ask a Store employee for additional assistance.

Agreement, ¶ 22.

This Consented To Relief provides a significant benefit to Nike's customers who are deaf or hard of hearing.  Nike has agreed to provide the Consented To Relief so long as it maintains the requirement that employees in California Stores must wear face coverings in connection with and to reduce the spread of COVID-19.  *Id*. ¶ 23.[2]

## IV.   THE CLASS

The Settlement Class is defined as all persons who are deaf or hard of hearing and who visited or attempted to visit a Store in California from June 18, 2020 to the date of this Order.  The Court

---

[2] If the United States, the State of California, a county, a city, a municipality, or local governmental body issues a statute, rule, order, regulation, ordinance, or other requirement that conflicts with the Consented To Relief, Nike may adjust its conduct as necessary to comply with the statute, rule, order, regulation, ordinance, or other requirement.  *Id*. ¶ 24.  This provision is necessary because of the current uncertainty regarding COVID-19 and to ensure that Nike may comply with other legal requirements that may arise.

finds, solely for purposes of considering this settlement, that the requirements of Federal Rule of Civil Procedure 23(a) are satisfied, including requirements for the existence of numerosity, commonality, typicality, and adequacy of representation. The proposed class size is alleged to number in the millions. Plaintiff is profoundly hard of hearing and she shopped at a Nike Store in San Diego, California on July 12, 2020, after Nike had instituted its policy of requiring retail employees to wear masks in response to COVID-19. Plaintiff's claims are typical of the proposed class of persons who are hard of hearing or deaf who visited or attempted to visit a Nike Store in California. There are questions of law and fact common to the class, including Nike's policy of requiring face masks and whether it offered reasonable accommodations to persons who are deaf or hard of hearing who visited its Stores. Plaintiff has worked cooperatively with Plaintiff's Counsel to stay apprised of the litigation and has otherwise acted as an adequate representative of the Settlement Class. Accordingly, the Court finds that the requirements of Rule 23(a) have been satisfied.

Additionally, the requirements of Rule 23(b)(2) are satisfied for the Settlement Class. Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Nike has a policy that applies to each of its California Stores that required its employees to wear face masks. The proposed injunctive relief of the Settlement Agreement described above is appropriate respecting the Settlement Class as a whole. Accordingly, the Settlement Class is certified under Rule 23(b)(2) for settlement purposes.

### V.   NOTICE IS NOT REQUIRED FOR THIS RULE 23(b)(2) CLASS

Unlike a Rule 23(b)(3) class where notice is mandatory, Rule 23(c)(2) states that, "[f]or any class certified under Rule 23(b)(1) or (b)(2), the court *may* direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2) (emphasis added). Because of this, notice is not required in Rule 23(b)(2) actions, and there is no option for class members to opt out. *Stathakos v. Columbia Sportwear Co.*, 2018 WL 582564, *3-4 (N.D. Cal. Jan. 25, 2018) (Gonzales Rogers, J.) (holding that notice and opt out were not required for a Rule 23(b)(2) settlement); *Lilly v. Jamba Juice Co.*, 2015 WL 1248027, *8-9 (N.D. Cal. Mar. 18, 2015) (Tigar, J.) (holding that because the settlement class would not have the right to opt out from the injunctive settlement and the settlement does not release the monetary claims of

class members, class notice is not necessary); *see also Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2558, 180 L. Ed. 2d 374 (2011) (Rule 23 "provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action.").

In injunctive-relief-only class actions certified under Rule 23(b)(2), federal courts across the country have uniformly held that notice is not required. *Jermyn v. Best Buy Stores*, 2012 WL 2505644, *12 (S.D.N.Y. June 27, 2012) ("Because this injunctive settlement specifically preserves and does not release the class members' monetary claims, notice to the class members is not required"); *Green v. Am. Express Co.,* 200 F.R.D. 211, 212-13 (S.D.N.Y. 2001) (no notice is required under several circumstances, such as "when the settlement provides for only injunctive relief, and therefore, there is no potential for the named plaintiffs to benefit at the expense of the rest of the class"); *Penland v. Warren Cnty. Jail*, 797 F.2d 332, 334 (6th Cir. 1986) ("this court has specifically held that notice to class members is not required in all F.R.C.P. 23(b)(2) class actions"); *DL v. District of Columbia*, Case No. 05-cv-1437, 2013 WL 6913117 at *11 (D.D.C. Nov. 8, 2013) ("the district courts within these circuits that have directly considered the issue have applied the requirement 'more flexibly in situations where individual notice to class members is not required, such as suits for equitable relief'"); *Linquist v. Bowen*, 633 F. Supp. 846, 862 (W.D. Mo. Jan 31, 1986) ("When a class is certified pursuant to Rule 23(b)(2), Federal Rules of Civil Procedure, notice to the class members is not required.") (internal citations omitted); *Mamula v. Satralloy, Inc.*, 578 F. Supp. 563, 572 (S.D. Ohio Sep. 7, 1983) ("This Court has certified this action as a class action under Rule 23(b)(2), and, as such, notice to class members is not required under Rule 23(c)(2)").

Here, the terms of the Agreement provide for injunctive relief only, and further expressly preserve the rights of class members to bring claims for monetary relief. Settlement Agreement ¶ 16. Further, even if notice were sent, class members would not have the right to opt out. *See Lilly* 2015 2015 WL 1248027, at *9. Accordingly, the Court concludes that notice to the Rule 23(b)(2) class is not required.

Although the Court determines that notice to class members is not necessary, the Class Action Fairness Act ("CAFA") requires that notice be given to state and federal authorities. 28 U.S.C. § 1715. The CAFA provides that "no later than ten days after a proposed settlement of a class action

Gibson, Dunn &
Crutcher LLP

is filed in court, each defendant shall serve upon the appropriate state official of each state in which a class member resides a notice of the proposed settlement and specified supporting documentation." *Id.* § 1715(b). Because Nike complied with the statutory notice requirements under the CAFA, its obligation for adequate notice has been met, and this Order was issued 90 days or later than the date on which the appropriate state officials were served with the notice required under Section 1715(b).

## VI.   THE FINAL APPROVAL STANDARD

In the class action context, district courts must evaluate whether a proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Hanlon v. Chrysler*, 150 F.3d 1011, 1026 (9th Cir. 1998). In reviewing the proposed settlement, the Court need not address whether the settlement is ideal or the best outcome, but determines only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *See Hanlon*, 150 F.3d at 1027. In *Hanlon*, the Ninth Circuit identified the following factors relevant to assessing a settlement proposal:  (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. *Id*. at 1026 (citation omitted).

Similarly, Federal Rule of Civil Procedure 23(e)(2), as amended, provides that the Court should consider the following factors to determine whether a proposed settlement is fair, reasonable, and adequate:

   (A) the class representatives and class counsel have adequately represented the class;
   (B) the proposal was negotiated at arm's length;
   (C) the relief provided for the class is adequate, taking into account:
   (i) the costs, risks, and delay of trial and appeal;
   (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
   (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
   (iv) any agreement required to be identified under Rule 23(e)(3); and
   (D) the proposal treats class members equitably relative to each other.

Each of the settlement approval factors applicable to this case show that the parties' proposed settlement should be given approval.

### A. The Injunctive Relief Provided to Class Members

The injunctive relief provided in the Settlement Agreement is substantial. Plaintiff alleges that Nike adopted a policy requiring employees to wear face masks in response to COVID-19, but did not properly accommodate customers who are deaf or hard of hearing through the use of clear face masks or other methods. The Consented To Relief, which includes clear masks and clean pens and paper for communication, guidance to employees regarding using these tools to communicate with customers who are deaf or hard of hearing, and signage to advise customers who are deaf or hard of hearing of available accommodations provides a substantial benefit to the Settlement Class. All Settlement Class members will benefit from the Consented To Relief and will be notified about their right to access accommodations through signage posted at every Nike Store. Additionally, to ensure the Settlement Class will receive the benefits of the Consented To Relief quickly, Nike has agreed to implement it within 14 days of the execution of the Settlement Agreement. Agreement ¶ 22. This is significant because if this case were to be litigated through trial and potential appeal, it would take several months (or perhaps longer) for the class to receive relief, if at all. Accordingly, this factor weighs in favor of granting final approval. *See Goldkorn v. Cnty of San Bernardino*, 2012 WL 476279, at *6-7 (C.D. Cal. Feb. 13, 2012) (approving settlement providing solely injunctive relief, attorneys' fees, costs, and damages to named plaintiffs); *In re Lifelock, Inc. Mktg and Sales Practices Litig.*, 2010 WL 3715138 (D. Ariz. Aug. 31, 2010) (same); *Kim*, 2012 WL 5948951 at *10 (same).

### B. The Strength of Plaintiff's Case

Approval of a class settlement is appropriate when plaintiffs must overcome significant barriers to make their case. *Chun–Hoon v. McKee Foods Corp.*, 716 F.Supp.2d 848, 851 (N.D.Cal.2010). Generally, "fact-intensive inquiries and developing case law present significant risks to Plaintiffs' claims and potential recovery." *In re Wells Fargo Loan Processor Overtime Pay Litig.*, 2011 WL 3352460, at *5 (N.D. Cal. Aug. 2, 2011). Nike's potential liability in this case would hinge on factual and legal determinations of whether Nike was providing adequate accommodations to customers who are deaf or hard of hearing while at the same time requiring

employees to wear face coverings to help prevent the spread of COVID-19. There are no published cases addressing this factual scenario, which presents uncertainty. Additionally, Plaintiff faced uncertainty regarding whether a class would be certified. While Plaintiff indicates she believes she would prevail on these issues, Plaintiff has also acknowledged the significant risk of non-recovery in this case. Because of the uncertainty of the recovery or injunctive relief after trial, this factor weighs in favor of approval. *Lilly v. Jamba Juice Co.*, 2015 WL 2062858, at *3 (N.D. Cal. May 4, 2015).

**C. The Risk of Continued Litigation**

The risks, expense, complexity, and likely duration of litigation also weigh in favor of approving the settlement. *Lilly*, 2015 WL 2062858, at *3 (citing *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir.2009)). These risks of continued litigation must be "balanced against the certainty and immediacy of recovery from the Settlement." *Kim*, 2012 WL 5948951, at *5 (citations omitted). "The Court should consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation." *Id.* This factor supports final approval because, without a settlement, Plaintiff would face further litigation, including potentially dispositive motions, class certification, and trial, and therefore it is not certain the proposed class would be certified or that it would obtain injunctive relief. Because this settlement will result in substantial injunctive relief, continued litigation might not result in any greater injunctive relief to the class and would deprive the class of immediate relief. *Lilly*, 2015 WL 2062858, at *3-4.

**D. Extent of Discovery and Stage of Proceedings**

Here, the parties reached a timely settlement just a few months after the complaint was filed, after extensive negotiations. This settlement was possible because the essential fact at the heart of this case – Nike's policy and practice of requiring employees in retail Stores to wear face masks in response to COVID-19 – is not in dispute. Accordingly, it was not necessary to engage in discovery, and the Parties were able to discuss the reasons for Nike's policy, the applicable law, and the needs of the settlement class without needing to resort to drawn-out, expensive litigation. This is important because COVID-19 is a significant issue now, and the parties agreed that it would be in the best interest of all interested parties to reach an agreement that would provide timely benefits to customers

who are deaf or hard of hearing and end the litigation. Under these circumstances, the Court finds that a timely settlement at the outset of the case weighs in favor of final approval.

### E. Counsel's Experience and Adequate Representation

"The recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *See In re Omnivision*, 559 F.Supp.2d 1036, 1043 (N.D. Cal. 2008) (citation omitted). The reasons for this presumption is that "[p]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation[.]" *See Rodriquez*, 563 F.3d at 967. Here, Class Counsel has demonstrated their experience in litigating similar civil rights, disability rights, and consumer class actions, and, thus, their adequacy to represent the class here. They have also demonstrated that they are well informed of the facts, claims, and defenses in this action. The settlement was negotiated at arms' length. Accordingly, Class Counsel's endorsement weighs in favor of approving the settlement. *See, e.g., In re Omnivision,* 559 F. Supp. 2d at 1043.

Class Counsel have separately moved for an award of attorneys' fees of $85,000, but the settlement agreement is not contingent upon the Court awarding that amount or any amount of fees. Nike began offering the Consented to Relief to Settlement Class Members several months before this Order was entered, whereas Class Counsel will not be paid until the Effective Date. Thus, this factor also weighs in favor of approval.

### F. Government Participation and Reaction of the Class

Here, no government participant is involved, so the court does not weigh this factor. Similarly, because the Court has decided that notice was not necessary, the reaction of the class is not considered in weighing the fairness factors. *Lilly*, 2015 WL 2062858, at *4.

### VII.   CONCLUSION

As all relevant factors weigh in favor of settlement, the Court will grant final approval of the Settlement Agreement and enter the injunction agreed to by the parties. For the foregoing reasons, the Court hereby orders as follows:

The Settlement Class is certified under Rule 23(b)(2) for purposes of this settlement.

The settlement, as set forth in the Settlement Agreement and this Order is in all respects fair, reasonable, adequate, entered into in good faith, free from collusion, and in the best interests of the Settlement Class, taking into account the risks that both sides faced with respect to the merits of the claims alleged and remedies requested, the risks of maintaining a class action, and the expense and duration of further litigation, and therefore the settlement is approved.

Nike is hereby ordered and enjoined as follows:

a. Nike shall make available to each Store a sufficient number of masks with transparent windows over the mouth area to enable those Stores' employees, without unreasonable delay, to obtain and use transparent-window masks during conversations with customers who are deaf or hard of hearing who indicate they prefer to communicate through speechreading; and Nike shall replenish the supply of such masks as reasonably necessary;

b. Nike shall make available clean pens and paper at each Store to facilitate the exchange of notes with customers who are deaf or hard of hearing who indicate they prefer to communicate that way;

c. Nike shall provide guidance and communications to employees working in Stores regarding how to accommodate customers who are deaf or hard of hearing and regarding the availability and proper usage of the transparent masks and clean pens and paper with such customers; and

d. Nike shall post notices near the entrances of Stores, substantially in the form of Exhibit 1 to the Settlement Agreement, to advise customers who are deaf or hard of hearing that they may ask a Store employee for additional assistance.

Upon the Effective Date, the Releasors shall have, by operation of this Final Approval Order, fully, finally and forever released, relinquished, and discharged the Releasees from all Released Claims pursuant to Section V of the Settlement Agreement.

This Final Approval Order, the Settlement Agreement, the settlement which it reflects, and any and all acts, statements, documents or proceedings relating to the settlement are not, and shall not be construed as, or used as an admission against Nike or any other Releasee of any fault, wrongdoing, or liability on their part, the validity of any Released Claim or of the existence or amount of injury, damages or penalties.

The Released Claims of the Plaintiff Class Representative and all members of the Settlement Class in this Action are hereby dismissed in their entirety with prejudice, which disposes of the entirety of Plaintiff's claims against Nike in this litigation.

Except as otherwise provided in response to Class Counsel's motion for attorneys' fees and costs brought in connection with this settlement, the parties shall bear their own costs and attorneys' fees.

The Court reserves continuing and exclusive jurisdiction over the implementation, enforcement, administration, and interpretation of the Settlement Agreement, including any releases in connection therewith and any other matters related or ancillary to the foregoing.

**IT IS SO ORDERED.**

DATED: April 22, 2021

_____
Honorable Yvonne Gonzalez Rogers
United Stated District Court Judge